## Ewens *v.* Gunning, Appellant.

*Arbitration—Scope of—Suit on award of arbitrators.*

1. Where the tenant of a store property agreed in writing with the adjoining owner to tear down the wall between the property and to replace it in consideration of the other party providing against any injuries to the tenant, and the parties further agree each to choose one arbitrator "to adjust the matter of injuries to said store and business, their finding and arbitration to be final," the arbitrators are warranted in investigating every phase of the alteration during the progress of the work in order to adjust the matter of injury to the store and business as it was then conducted.

2. In such a case it is not necessary for the tenant in an action on the award of the arbitrators to show that the work done by the defendant in making the changes in and about the building, was carried on in a reckless, or even careless manner, or that a less objectionable method could have been employed, it being conceded that some injury would be done even with the greatest care.

Argued May 9, 1911. Appeal, No. 56, April T., 1911, by defendant, from judgment of C. P. Lawrence Co., March T., 1908, No. 25, on verdict for plaintiff in case of Jacob Ewens v. James Gunning. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on award of arbitrators.

At the trial the defendant made the following offers:

For the purpose of showing that the award made in this case is not within the submission, and that the arbitrators considered matters that were not submitted to them and included the same within their award, counsel for defendant offers in evidence the following parts of paragraphs of the affidavit of defense: "The said defendant thereupon chose David Barnett and the plaintiff chose S. H. Harris as arbitrators, . . . . The said arbitrators viewed the premises and without authority considered matters not referred to them and made up their alleged award on items of alleged damages and injury not

submitted to them, which damage and injury the defendant did not cause and for which he was not liable and had not agreed to pay for, viz.: loss of trade and business on account of the building operations being carried on by defendant in the erection of his brick building, obstruction to the sidewalks by materials used in erecting defendant's building; loss of goods occasioned by dust coming in the door of his storeroom, and many other matters that had not been referred to them by the parties.''

Objected to by plaintiff's counsel for the reason that it does not prove what is claimed and they cannot in this manner contradict the written agreement between the parties, nor the award of the arbitrators under the submission and it is therefore incompetent, irrelevant and immaterial. [1]

Also offers in evidence that part of the affidavit of defense not denied by the plaintiff, which reads as follows: ''The defendant erected a temporary wall as nearly dust proof as it could reasonably be made between the storeroom of the plaintiff and the property of the defendant and proceeded to erect a new wall in place of the old one, in the meantime supporting the floors and roof of the building occupied by plaintiff. When the said new wall was completed and the joists of the building occupied by plaintiff attached thereto the said defendant caused the temporary wall to be removed and the walls of said room to be replastered, repapered and repainted, all of which was done in a good and workmanlike manner so that the said room is of the same size and condition as it was before the defendant tore down his old brick wall, and without any damage or injury to the plaintiff by reason of any fault or negligence on the part of the defendant.''

Plaintiff's counsel object and ask the purpose of the above offer.

Offered by counsel for defendant for the purpose of showing that the defendant in doing the work that he did complied with the terms of the contract and did it without any negligence on his part.

Objected to as incompetent, irrelevant and immaterial. [2]

"Q. Mr. Barnett, you were one of the arbitrators in the case of Mr. Gunning and Mr. Ewens? A. Yes, sir. Q. You went down to the store of Mr. Ewens and looked at it, did you? A. Yes, sir. Q. Who were present?"

Objected to and the purpose called for.

Offered for the purpose of showing by this witness that the arbitrators and Mr. Ewens and his attorney, Charles G. Martin and Mr. Gunning met in the premises of Mr. Ewens and that Mr. Ewens and Mr. Gunning showed them the walls and the paper and the painting and the wainscoting and that Mr. Ewens read to them a long bill of items including claims for damages to his business on account of the loss of trade by building operations being carried on by Gunning in the erection of his building block and loss of trade by reason of the sidewalk being obstructed by material, and loss of trade and loss to his store by reason of dust coming in the front door, the bill amounting to about $600; and that the arbitrators went into the next room and without consideration divided it by two and made their award.

Objected to as incompetent, irrelevant and immaterial.

The Court: The objection is sustained and an exception sealed for the defendant. [3]

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $304.05. Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (6) in giving binding instructions for plaintiff.

*H. A. Wilkinson,* of *Akens, Wilkinson, Lockhart & Chambers,* for appellants, cited: Scott v. Barnes, 7 Pa. 134; Lauman v. Young, 31 Pa. 306.

*B. A. Winternitz,* with him *C. G. Martin,* for appellee,

cited: Bowen v. Cooper, 7 Watts, 311; Neal v. Shields, 2 P. & W. 300.

OPINION BY ORLADY, J., October 9, 1911:

This action of assumpsit is founded on an award made by arbitrators who were selected in accordance with an agreement entered into between the plaintiff and the defendant. The defendant acquired title to a property adjoining the one occupied as a tenant by the plaintiff, and desired to make alterations which involved the wall common to both properties; an agreement was made with the owner of the property occupied by the plaintiff, by which the old wall would be torn down and rebuilt of greater thickness on the same location, and while the work was being done the defendant would provide for any injuries done to the tenant (Ewen). This resulted in an agreement in writing between the parties to this action, by which the defendant agreed to replace everything in substantially its then condition, and as to the inconvenience and damage, incident to said improvement, Gunning was to place a temporary wall in place of the one removed, and after it was rebuilt on its present site, to remove the temporary structure so that the room of Ewen should be of the same size and condition as formerly. The parties were each to choose one arbitrator "to adjust the matter of injuries to said Ewen's store and business, their finding and arbitration to be final."

Pursuant to this agreement, the parties named two arbitrators, who met, viewed the premises, heard the parties and made an award of $300 in favor of the plaintiff.

The agreement did not define or limit the scope of the investigation, or the character of the testimony on which the arbitrators were to found the award. The contention of the defendant is, that the award was based on matters not submitted to the arbitrators by the agreement. It is manifest that the question presented to the arbitrators was, to adjust the matter of injuries to the store and

business, which resulted from the change of the building during its reconstruction by the defendant, and to indemnify Ewen from loss caused by that improvement. No person could definitely anticipate every detail of the work to be done, and the evidence was not reduced to writing before the arbitrators; their eyes were as effective witnesses as any oral proof before them. It is not alleged that the award is excessive, or unreasonable, and the interpretation given by the arbitrators to the agreement is founded on the nature and the character of the subject-matter, and of the relation of the parties to the work when they submitted the question to them.

The words employed in the agreement warranted the arbitrators in investigating every phase of the alterations during the progress of the work in order to adjust the matter of injury to the store and business as it was then conducted. That award was intended to be absolute and final. It was not necessary for the plaintiff to show that the work done by the defendant, in making the changes in and about the building, was carried on in a reckless or even careless manner, or that a less objectionable method could have been employed, as it is conceded, that by the exercise of the greatest care and by taking every precaution, there would be necessarily some injury done to the plaintiff's business during the progress of the work as it was arranged by the defendant, and it was to compensate him for these very damages that the parties arranged for the arbitration of any differences that might arise between them.

The consent of Ewen to the change was essential before Gunning could carry out his project, and the arrangement for compensation by a tribunal of their own selection was reasonable and proper. There was no limit imposed on the arbitrators as to the character of their investigation, and the offers to show that the arbitrators acted improperly, or upon matters that were not within the scope of the agreement were not sufficiently explicit to warrant the court in receiving the evidence. No testimony was

offered to warrant the court in reopening the controversy and submitting it anew to the jury.

The assignments of error are overruled and the judgment is affirmed.